IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FRANKIE HENDERSON, | § | |
| individually and on behalf of other | § | |
| similarly situated individuals, | § | |
|     Plaintiff(s), | § | |
| | § | CIVIL ACTION NO: 3:18-cv-00168 |
| vs. | § | JURY DEMANDED |
| | § | |
| DSW RESTUARANT, INCORPORATED | § | |
| and 3625 HIGHWAY 146, | § | |
| INCORPORATED, both individually and | § | |
| d/b/a DOUBLE SHOE MEN'S CLUB, | § | |
|     Defendants. | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Frankie Henderson ("Henderson") files this *Complaint*, individually and on behalf of other similarly situated individuals, complaining of DSW Restuarant, Incorporated[1] and 3625 Highway 146, Incorporated, both individually and d/b/a Double Shoe Men's Club, (collectively referred to herein as "Double Shoe" or "Defendants") and would respectfully show the following:

### I. PARTIES

1.1. Plaintiff, *Frankie Henderson*, is an individual residing in Harris County, Texas, who files this lawsuit on her behalf and on behalf of other similarly situated individuals who may subsequently opt-in this lawsuit.

---

[1] The Texas Secretary of State's records list the company name as "DSW Restuarant, Incorporated."

1.2. Defendant, *DSW Restuarant, Incorporated, d/b/a Double Shoe Men's Club* ("DSW") is a Texas corporation with its principal place of business in Galveston County, Texas, and may be served with summons by serving its registered agent, Allen Wheat, at 18809 Egret Bay, #202, Houston, Texas 77058.

1.3. Defendant, *3625 Highway 146, Incorporated, d/b/a Double Shoe Men's Club* ("3625 Highway 146") is a Texas corporation with its principal place of business in Galveston County, Texas, and may be served with summons by serving its registered agent, Allen Wheat, at 18809 Egret Bay, #202, Houston, Texas 77058.

## II. COLLECTIVE ACTION

2.1. Henderson files this complaint on her own behalf and on behalf of other similarly situated individuals pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA"). Specifically, Henderson files this complaint on her behalf and on behalf of other dancers and similar individuals who were misclassified as independent contractors and who were not paid minimum wage and/or one and one-half times their regular hourly rate for hours worked in excess of forty in the workweek ("the Class") at any time from June 4, 2015, to the present ("Relevant Time Period").

## III. VENUE

3.1. Venue of this action is proper in this district and division because Double Shoe's principal place of business is in this district and division and the events giving rise to the cause of action alleged herein occurred in this district and division.

## IV. JURISDICTION

4.1. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. §§ 201-19, as amended.

## V. STATEMENT OF CAUSES OF ACTION

5.1. DSW was an "employer" of Henderson within the meaning of 29 U.S.C. § 203(d).

5.2. 3625 Highway 146 was an "employer" of Henderson within the meaning of 29 U.S.C. § 203(d).

5.3. DSW was an "enterprise" within the meaning of 29 U.S.C. § 203(r) during the Relevant Time Period.

5.4. 3625 Highway 146 was an "enterprise" within the meaning of 29 U.S.C. § 203(r) during the Relevant Time Period.

5.5. During the Relevant Time Period, DSW was an enterprise engaged in commerce or the production of goods for commerce as those terms are used in 29 U.S.C. § 203(s).

5.6. During the Relevant Time Period, 3625 Highway 146 was an enterprise engaged in commerce or the production of goods for commerce as those terms are used in 29 U.S.C. § 203(s).

5.7. During the Relevant Time Period, 3625 Highway 146 had annual gross volume of sales or business of $500,000 or more.

5.8. During the Relevant Time Period, DSW had annual gross volume of sales or business of $500,000 or more

5.9. During the Relevant Time Period, DSW and 3625 Highway 146 had (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control such that they should be considered joint employers of Henderson and those similarly situated.

5.10. During the Relevant Time Period, Henderson was engaged in commerce or in the production of goods for commerce as those terms are used in the FLSA.

5.11. During the Relevant Time Period, Henderson worked as an exotic dancer at Double Shoe.

5.12. During the Relevant Time Period, Double Shoe treated Henderson as an independent contractor.

5.13. During the Relevant Time Period, Double Shoe did not classify Henderson as an employee.

5.14. During the Relevant Time Period, the job duties of Henderson were those of a non-exempt employee under the FLSA and Henderson was not paid a salary by Double Shoe.

5.15. During the Relevant Time Period, Henderson, at times, worked more than forty hours per week for Double Shoe.

5.16. During the Relevant Time Period, Double Shoe "suffered or permitted" Henderson to work, as those terms are used in the FLSA.

5.17. During the Relevant Time Period, Double Shoe did not pay Henderson a wage of at least $7.25 per hour worked.

5.18. During the Relevant Time Period, Double Shoe did not pay Henderson one and one-half times her regular hourly rate for every hour worked in excess of forty in a workweek.

5.19. While performing services for Double Shoe during the Relevant Time Period, Henderson was only compensated through tips received from patrons.

5.20. During the Relevant Time Period, Double Shoe did not permit Henderson to retain all of her tips, but routinely "fined" Henderson and charged various house fees for shifts worked. These fines and fees further reduced Henderson's pay below the statutory minimum wage. Double Shoe also required Henderson to share her tips with employees who do not customarily and regularly receive more than thirty dollars per month in tips.

5.21. During the Relevant Time Period, it was Double Shoe's policy and/or practice to treat dancers as independent contractors, not pay dancers a statutory minimum wage of at least $7.25 per hour, and not pay dancers one and one-half times their regular hourly rate for hours worked in excess of forty in the workweek.

5.22. Double Shoe owes Henderson unpaid minimum wage and unpaid overtime under the FLSA for work performed during the Relevant Time Period as well as reimbursement for fines and fees.

## VI. VIOLATION OF THE FLSA

6.1. Henderson incorporates the factual allegations recited above and would show Double Shoe is liable to her for overtime compensation under the FLSA.

6.2. Double Shoe had a statutory obligation to pay Henderson a minimum wage of at least $7.25 per hour she worked. Double Shoe had a statutory obligation to pay Henderson overtime at a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty in a given workweek. Henderson regularly worked for Double Shoe in excess of forty hours a week during the Relevant Time Period. Double Shoe did not pay Henderson a statutory minimum wage or overtime at the rate of one and one-half times her regular rate of pay for overtime hours during the entirety of the Relevant Time Period. Double Shoe further violated the FLSA by requiring Henderson to pay fines and fees to Double Shoe and/or Double Shoe's employees to work.

6.3. As an economic reality, Henderson was economically dependent upon the business of Double Shoe; Henderson was not in business for herself.

6.4. At all relevant times, Henderson performed primarily non-exempt employment duties to the extent necessary to be classified as a non-exempt employee under the FLSA. Henderson was not paid on a salary basis.

6.5. Henderson seeks, and is entitled to, a recovery of liquidated damages on her claims under the FLSA. Liquidated damages are awarded automatically under the FLSA.

6.6. There is no reasonable basis for Double Shoe to believe Henderson was an independent contractor, that Henderson was exempt under the FLSA, or that Double Shoe's practices were permitted by the FLSA. Double Shoe did not act in good faith in failing to pay Henderson in accordance with the requirements of the FLSA.

6.7. Double Shoe's violations of the FLSA were willful. Double Shoe knew or showed reckless disregard for whether its conduct was illegal.

### VII. ATTORNEYS' FEES

7.1. Double Shoe's refusal to abide by its statutory obligations to Henderson has made it necessary for Henderson to employ the undersigned attorneys to file this lawsuit. As such, Henderson requests the Court to award a reasonable fee, pursuant to the FLSA, for her attorneys' services rendered and to be rendered herein, at the trial court and the court of appeals, and the Supreme Court, if necessary, as well as expenses and court costs.

### VIII. SECTION 216(b) COLLECTIVE ACTION

8.1. Henderson incorporates the factual allegations recited above. Henderson files this complaint on her own behalf and on behalf of other current and former dancers and other similarly situated individuals during the Relevant Time Period pursuant to Section 216(b) of the FLSA, who were not paid minimum wage and/or time and one-half overtime as required by the FLSA for the hours they worked in excess of forty in a workweek and who were charged fines and fees by Double Shoe to work.

8.2. During the Relevant Time Period it was Double Shoe's policy and/or practice to not pay Henderson and the other putative plaintiffs a statutory minimum wage of $7.25 per hour, not pay for hours worked in excess of forty hours per week at one and

one-half times their regular hourly rate, and to fine and/or require the payment of a fee to work. Therefore, there are other similarly situated individuals who are owed wages under the FLSA for work they performed for Double Shoe during the Relevant Time Period.

8.3. As an economic reality, the putative plaintiffs were economically dependent upon the business of Double Shoe; the putative plaintiffs were not in business for themselves.

8.4. At all relevant times, the putative plaintiffs performed primarily non-exempt employment duties to the extent necessary to be classified as a non-exempt employee under the FLSA.

8.5. The putative plaintiffs are entitled to a recovery of liquidated damages on their claims under the FLSA. Liquidated damages are awarded automatically under the FLSA.

8.6. There is no reasonable basis for Double Shoe to believe the putative plaintiffs were exempt under the FLSA or that Double Shoe's practices were permitted by the FLSA. Double Shoe did not act in good faith in failing to pay in accordance with the requirements of the FLSA.

8.7. Double Shoe's violations of the FLSA were willful. Double Shoe knew or showed reckless disregard for whether its conduct was illegal.

8.8. The putative plaintiffs are owed wages, overtime, liquidated damages, and attorneys' fees, for the same reasons as Henderson. The putative plaintiffs should be notified and given the opportunity to join this lawsuit pursuant to Section 216(b) of the FLSA and request such notice be issued.

## IX. JURY DEMAND

9.1. Henderson demands a jury on all issues to be tried in this matter.

## PRAYER

WHEREFORE, Plaintiff Frankie Henderson prays that DSW Restuarant, Incorporated and 3625 Highway 146, Incorporated, both individually and d/b/a Double Shoe Men's Club, be summoned to appear; that notice be issued to other dancers and similarly situated individuals; and that on final trial of this matter, Plaintiff be granted relief as follows:

(a) Judgment declaring that the acts and practices of Defendants described herein violate the FLSA, as amended;

(b) Judgment declaring that the acts and practices of Defendants described herein constitute a willful violation of the FLSA, as amended;

(c) Judgment directing Defendants to pay Plaintiff and other plaintiffs who may opt-in this litigation actual and liquidated damages for violations of the FLSA, as amended;

(d) Costs of suit and reasonable attorneys' fees;

(e) Prejudgment and post-judgment interest as provided by law; and

(f) Such other and further relief, in law and in equity, to which Plaintiff and such other plaintiffs may be justly entitled.

Respectfully submitted,

FIDDLER & ASSOCIATES, P.C.

/s/ **ANDREW W. REED**
_____
ANDREW W. REED
*Attorney-in-Charge*
SBOT #24074935
FID #1140192
areed@fiddlerlaw.com
G. SCOTT FIDDLER
*Of Counsel*
SBOT #06957750
FID #12508
scott@fiddlerlaw.com
1004 Congress, 3rd Floor
Houston, Texas 77002
Tel:    713-228-0070
Fax:    713-228-0078

ATTORNEYS FOR PLAINTIFF